UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP M. ANDREWS, | : | |
| Plaintiff, | : | |
| v. | : | No. 3:04cv1474(SRU) |
| CITY OF HARTFORD HUMAN RELATIONS COMMISSION, KATHRYN COFFIN, BRIAN HEAVREN, OFFICER DONAVON, OFFICER DOWD, MICHAEL FALLON, BRUCE MARQUES, MR. ROACH, MR. LANDRY, MAYOR E. PEREZ, | : : : | |
| Defendants. | : | |

**RULING ON PENDING MOTIONS**

Philip Andrews, who is pro se, has brought this civil rights action under 42 U.S.C. § 1983, alleging that defendants violated his rights under the First, Fourth, and Fourteenth Amendments in their investigation of, and the hearing on, Andrews' complaint of police misconduct. Presently pending are defendants' motion to dismiss [Doc. # 20], Andrews' brief to clarify the complaint [Doc. # 32], Andrews' motion to amend the complaint to add the City of Hartford as a party-defendant [Doc. # 30], defendants' motion to stay Andrews from filing further "clarifications" to the complaint until the court rules on the motion to dismiss [Doc. # 36], and Andrews' motions for appointment of counsel [Doc. ## 6, 28, 29]. For the reasons set forth below, the court will grant defendants' motion to dismiss and will deny the remaining motions.

**Background**

Andrews commenced the present action on September 3, 2004, alleging violations of his constitutional rights by defendants, the City of Hartford Human Relations Division and the

Police Civilian Review Board ("PCRB"),[1] as well as certain members of the PCRB (Officers Fallon, Donavon, and Dowd, and civilian members Coffin and Roach), Police Chief Bruce Marquis, Mayor Eddy Perez, and Brian Heavren, a police sergeant assigned to the Internal Affairs Division ("IAD") of the Hartford Police Department.

Andrews alleges that, on or about May 3, 1996, two white police officers stopped him on the corner of Main Street and Nelton Street in Hartford and conducted an unlawful "Terry stop."[2] (Pl.'s Comp. Cl. I.)  During the course of this stop, the officers took a video of Andrews and then released him.  (*Id.*)  The police then filed an application for an arrest warrant, in which they claimed that the video showed Andrews selling heroin to an undercover police officer.  (*Id.*) Thereafter, Andrews was arrested and charged with possession of narcotics/sale on May 7, 1996. (*Id.*)  Andrews alleges that he was not present at the stated location at the time and place alleged by the police officers and that he was incorrectly identified by the police officers.  He asserts that the information provided by the Hartford police officers in the application for the arrest warrant was false, and that these false allegations led to his arrest and conviction, for which he served three years in prison.  (Pl.'s Comp. Cl. VI.)

In January 1999, Andrews contacted the Complaint Division of the Hartford Police Department (which defendants identity as the Internal Affairs Division) concerning the acts of misconduct by the three officers involved with his allegedly unlawful arrest.  (Pl.'s Comp. Cl. I.) Andrews states that he presented the IAD investigator, Officer Heavren, with facts to substantiate

---

[1]   The Police Civilian Review Board is part of the City of Hartford Human Relations Commission and is comprised of sworn and civilian volunteers who review and investigate allegations of police misconduct.

[2]   *See Terry v. Ohio*, 392 U.S. 1 (1968).

his claims that the incident in 1996 had not transpired that the allegations of the police officers were false. (*Id.*) Officer Heavren assured Andrews that a thorough investigation would be instituted and that, upon completion of the investigation, Andrews would receive a complete report. (*Id.*) During September 1999, Andrews provided additional facts in writing to Officer Heavren. (*Id.*)

Two years later, on April 7, 2001, Andrews received a notice via the U.S. mail informing him of a PCRB hearing on April 10th, just three days later, concerning his complaint of police misconduct. (*Id.*) Andrews attended the hearing on April 10, 2001, and addressed the hearing panel. Also present were the officers Andrews charged with misconduct. The Board voted unanimously to exonerate the three officers. (Pl.'s Comp. Att., 4/10/01 Bd. Minutes at 4.)[3] Andrews then submitted a number of requests for rehearing and/or reconsideration, but these requests were all denied. (Pl.'s Comp. Att., Ltr. dtd. 7/9/01 from PCRB to Pl.; Ltr. dtd. 10/23/01 fr. Pl. to U.S. Att'y.)

Andrews maintains that because of untimely notice, he was denied an opportunity to address adequately these matters and was denied an opportunity for a rehearing. (Pl.'s Comp. Ct. I.) In particular, Andrews alleges that the chair of the hearing, defendant Roach, continually denied Andrews the opportunity to address these matters. (Pl.'s Comp. Cl. IV.)

Additionally, he complains of the attendance at the PCRB hearing of Chief Fallon, who had supervised the officers involved in the events of May 1996. (Pl.'s Comp. Cl. II & III.) Andrews states that Chief Fallon wrongfully opposed his requests for a continuance and that his

---

[3] Andrews has attached to his complaint sixty-six pages of documents, including the relevant PCRB minutes. These attachments are not numbered or labeled and will be referred to herein collectively as "Pl.'s Comp. Att."

conflict-of-interest led to "tainted" findings against Andrews.  (Pl.'s Comp. ¶ G.)

A week after the hearing, on April 18, 2001, Andrews states that he encountered Officer Allen, one of the officers who was the subject of his complaint, and that Officer Allen severely beat him and again falsely accused him of possession of drugs.  On May 9, 2001, and July 2, 2001, Andrews filed two more complaints with the PCRB concerning Officer Allen's misconduct.  (Pl.'s Comp. Att.)

In July 2001, two months after the PCRB hearing, Andrews received a copy of the IAD report, from which Officer Heavren allegedly excluded information and evidence that Andrews had provided.  Andrews states that he noticed that certain information listed in the index to the report was not included with the report that he received.  (Pl.'s Comp. Cl I.)  According to Andrews, the exclusion of this evidence guaranteed that the police officers would be exonerated of the charges Andrews had levied against them.  (*Id.*)  Andrews claims that the negligence and the "overt/covert acts" of Officer Heavren, alone or in concert with others, to mask the facts of the investigation were "consequential" in the denial of his due process and equal access rights.  (Pl.'s Comp. Cl. I.)  He further asserts that the processing of his complaint was intentionally prolonged. (*Id.*)  Andrews also complains that Officer Heavren failed to use the questions he had provided to him for questioning the officers and failed to review the video, which would have shown that Andrews was totally innocent of the charges.  (*Id.*)

Andrews alleges that Police Chief Marques, as the final decision maker, refused to investigate Andrews' complaints and address the issues raised by Andrews and failed to advise the PCRB through "rightful and fair intervention."  (Pl.'s Comp. Cl. V.)  Similarly, he claims that Mayor Perez, who had also been advised of the content of Andrews' complaints, continually

"neglected or agreed to deny plaintiff access and due/fair process." (Pl.'s Comp. Cl. VI.) Andrews further alleges that certain other defendants were negligent or acted in complicity to cover-up the crucial evidence missing from the Heavren investigation report or failed to intervene to correct and address the improprieties of the PCRB process. (Pl.'s Comp. Cl. II.)

As relief, Andrews seeks a declaration that the hearing process and adjudication were tainted and that his rights were compromised. He further seeks injunctive relief requiring the PCRB to implement hearing standards to protect the rights of citizens and to insure no further conflicts of interest by members of the of hearing board, to recruit and induct community members for the board, and to allow Andrews the opportunity to revisit the complaint at a future date. Last, he seeks an award of compensatory and punitive damages. (Pl.'s Comp. ¶ G.)

## Discussion

### I. Defendants' Motion to Dismiss

Defendants have moved to dismiss Andrews' complaint on three grounds: (1) that Andrews' section 1983 claims are barred by the three-year statute of limitations, Conn. Gen. Stat. § 52-577; (2) that the Hartford Human Relations Commission and PCRB are not legal entities, separate and apart from the City, and therefore cannot be sued under 42 U.S.C. § 1983; and (3) that Andrews has failed to state a claim upon which relief may be granted.

#### A. Motion to Dismiss Standard

In ruling on a motion to dismiss, the court is limited to the facts set forth on the face of the complaint, any documents attached thereto as exhibits or incorporated by reference, and matters of which the court may take judicial notice. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The court must accept all factual allegations of the complaint as true and

draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Additionally, where the plaintiff is *pro se*, the allegations of his complaint are held to a less stringent standard than a formal complaint drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Williams v. Ward*, 556 F.2d 1143, 1151 (2d Cir.), *cert. dismissed*, 434 U.S. 944 (1977). This court must "construe *pro se* pleadings broadly, and interpret them 'to raise the strongest arguments that they suggest.'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Statute of Limitations

It is well-settled that Connecticut's three-year statute of limitations set forth in Conn. Gen. Stat. § 52-577 applies to claims brought under section 1983. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 provides:

> No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.

While state law supplies the limitations period for section 1983 actions, federal law dictates when the claim accrues. *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted). A plaintiff's ignorance of an injury does not toll the running of the statute of limitations if, with the exercise

of reasonable diligence, the plaintiff could have learned of the wrong prior to the date of actual discovery. *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998) (citing *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir. 1983)).

Here, the acts or omissions complained of by Andrews concern defendants' alleged failure to investigate adequately his complaints made in 1999 of police misconduct relating to his arrest in 1996; the untimely notice of hearing he received on April 7, 2001; the hearing itself, which took place on April 10, 2001; and the omissions from the IAD report he received in July 2001. All of these events transpired more than three years prior to Andrews' filing this lawsuit on September 3, 2004.

The only excuse Andrews offers for his late filing is that "all acts committed by these defendants were over a period of time, and plaintiff was not apprised of said until recent discoverys [sic] of the complicit [sic] and conspiritorial [sic] acts of these individuals." (Pl.'s Resp. at 2.) In his motion to add the City of Hartford as a defendant, Andrews states that the "cummulation [sic] of facts were 'reaslised'[sic] in the Oct. 2002, whereas, the 'roles' of the city as the agent of the 'deliberate indifference claims became apparent and actionable." (Pl.'s Mot. to Add Def. ¶ 2.) Andrews offers no further explanation for his late filing.

Based on the nature of Andrews' allegations, it would appear that Andrews was aware of these alleged wrongs at the time they took place, at the time he attended the PCRB hearing, and when he received the IAD report. Indeed, among the sixty-six pages of exhibits attached to Andrews' complaint are multiple documents alleging the very same violations of his rights as are alleged in this federal lawsuit. In letters dated June 30, 2001, and July 14, 2001, Andrews wrote the United States Attorney for the District of Connecticut complaining about the deficiencies in

Officer Heavren's report, about the flawed investigative process, about the prejudicial involvement of Chief Fallon in the PCRB hearing, about the untimely hearing notice he received and the obstacles he encountered in trying to make an effective presentation.  In another letter dated August 23, 2001, to the Office of the Attorney General for the State of Connecticut, Andrews complains about the "contrived agreement between agents of the PCRB, the HPD, and members of the police depts investigatory staff, to deny []access to the truth, facts and sembelance [sic] of procuring justice." (Pl.'s Comp. Att.)  Andrews alleges no acts or omissions after July 2001.

Therefore, based not only on the nature of the wrongs alleged but also on the exhibits to Andrews' complaint, it is clear that, as of July 2001, Andrews was well aware of the wrongs alleged in this complaint.  Applying the three-year limitations period of section 52-577, the latest date on which Andrews could have filed a timely complaint was July 2004.  *See Walker*, 159 F.3d at 119.  Andrews' complaint was not filed until September 3, 2004, and, therefore, is untimely.[4]

## II.  Plaintiff's Brief to Clarify Complaint

In response to the motion to dismiss, Andrews filed a "Brief to Clarify Complaint and Subsequent Motions" [Doc. # 32], which defendants have treated as a motion and to which they have filed a response.  In the body of the "brief," Andrews himself describes it as a motion to modify, and the court will treat it accordingly.

The Federal Rules of Civil Procedure provide that leave to amend a complaint "shall be

---

[4] Additionally, Andrews has not proffered any reason, and the court is aware of no ground, for equitably tolling the commencement of the limitations period.

8

freely given when justice so requires." Fed. R. Civ. P. 15(a). If the proposed amended complaint would not withstand a motion to dismiss, leave to amend need not be granted, because the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment" will serve to prevent an amendment prior to trial); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (holding that an amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss).

Attached to Andrews' "brief to clarify" is a proposed amended complaint. A careful review of this six-page complaint indicates that it involves the same allegations and claims as were asserted in the original complaint. This proposed amended complaint suffers from the same infirmity as the original. It is time-barred by the three-year statute of limitations. To allow the proposed amendment would be an exercise in futility. Therefore, Andrews' motion to clarify or modify is denied.

### III.  Plaintiff's Motion to Add the City as a Defendant

In their motion to dismiss, defendants urge this court to dismiss the City of Hartford Human Relations Commission and PCRB because they are not "persons" that could be sued under section 1983.[5] In response to this argument, Andrews moved to add the City of Hartford as

---

[5] The Supreme Court has defined a "person" who can be sued under section 1983 as including natural persons and "bodies politic and corporate." *Monell v. New York City Department of Social Services*, 436 U.S. 658, 688-89 (1978). Municipal departments are not considered independent legal entities and, therefore, cannot be sued under section 1983. *Cruz v. Superior Court Judges*, No. 04CV1103, 2005 WL 677282, at *5 (D. Conn. Mar. 21, 2005); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163 (D. Conn. 2005). Thus, the Human Relations Commission and PCRB are not proper defendants in this section 1983 action and should be

a party-defendant and proposed that this court combine the instant action with another pending action against the City, *Andrews v. City of Hartford*, 3:05mc128 (TPS). In what appears to be a proposed amended complaint, Andrews sets forth his claims against the City, which once again concern the alleged failure of the IAD to investigate his complaints, the PCRB hearing, and the overall practice and policy of the City of not holding officers accountable for their misconduct. (Pl.'s Mot. to Add at 5.)

Again, the claims against the City in this proposed amended complaint are untimely and are barred by the three-year statute of limitations, Conn. Gen. Stat. § 52-577. To allow Andrews to add the City as a party-defendant would serve no purpose, because his amended complaint would be dismissed on statute of limitations grounds. Therefore, Andrews' motion to add the City of Hartford as a party-defendant is denied.

## IV.  Defendants' Motion to Stay

Defendants have moved to stay Andrews from filing any more "clarifications" to the current, operative complaint in this matter until defendants' motion to dismiss is ruled upon. Because their motion to dismiss has been granted, the motion to stay is now moot and, therefore, is denied.

## V.  Plaintiff's Motions for Appointment of Counsel

Also pending are three motions by Andrews for the appointment of counsel. In light of the court's dismissal of Andrews' complaint, these motions are denied. The court would note that, although counsel might have aided Andrews in the more orderly presentation of his arguments on these various motions, the papers filed by Andrews exhibit his understanding of the

---

dismissed.

arguments raised by defendants, which turn largely on the facts. Andrews, who is an experienced litigant, is intimately familiar with the facts of his case and was not prejudiced by his lack of counsel to assist him in responding to the motion.

## Conclusion

Accordingly, for the reasons set forth above, defendants' motion to dismiss the complaint [Doc. # 20] is GRANTED. Andrews' brief to clarify the complaint [Doc. # 32] is DENIED. Andrews' motion to amend the complaint to add the City of Hartford as a party-defendant [Doc. # 30] is DENIED. Defendants' motion to stay Andrews from filing further "clarifications" to the complaint until the court rules on the motion to dismiss [Doc. # 36] is DENIED as moot. Andrews' motions for appointment of counsel [Doc. ## 6, 28, 29] are DENIED.

In so ruling, the court is keenly aware of the Second Circuit's admonitions that a *pro se* civil rights plaintiff should be "afforded every reasonable opportunity to demonstrate that he has a valid claim," *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984), including the opportunity to amend his complaint. *See Bradley v. Coughlin*, 671 F.2d 686, 690 (2d Cir. 1982). In this case, however, as discussed above, Andrews has twice filed proposed amended complaints, which suffer from the same infirmity as the original complaint. They are time-barred by the three-year statute of limitations. Thus, the court's dismissal is with prejudice. The clerk is directed to enter judgment accordingly and close the file.

SO ORDERED, this 29th day of September 2005, at Bridgeport, Connecticut.

      /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge